# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------x   Case No.: 20-cv-07903
DIALECTIC DISTRIBUTION, LLC

            Plaintiff(s),
    -against-

DAVID CAMEO, DIGITAL DIRECT & MORE, CAMEO
DISTRIBUTION, INC., CAMEO ELECTRONICS AND
DISTRIBUTION, INC. AND SHOSHANA OSTRON

           Defendants.
-----------------------------------------------------------------x

## DECLARATION OF DAVID CAMEO IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICITON TO TRANSFER VENUE

DAVID CEMEO states the following under penalty of perjury pursuant to 28 USC § 1746(b):

1) I am a defendant in the above captioned action along with other defendants.

2) While I have no idea who defendants Cameo Electronics and Distribution is, I am a shareholder and director of defendant Cameo Distribution, Inc., and an authorized representative of defendants Digital Direct & More.

3) The complaint mentions several causes of action and is brought in New Jersey based on the allegation that the defendants conducted business in the State of New Jersey (complaint ¶ 6). And because of a venue provision (complaint ¶ 26). This is incorrect.

4) I personally have no professional contacts with the State of New Jersey, do not own property in New Jersey and never entered into any agreements in New Jersey and am now forced to defend myself there.

5) I do recall signing some document and while I do not recall the venue provision there, I am certain that whatever I consented to was not meant to be an exclusive direction to litigate or

resolve everything in New Jersey. I would never agree to anything like that because, as I stated above, I have virtually no contacts with that State neither on personal nor professional levels.

6) Similarly, defendants Digital Direct and More, Inc and Cameo Distributions are New York entities with offices located in Kings County, State of New York. Their assistants, physical operations, inventory, and records are all in New York.

7) Plaintiff's complaint fails to mention how I availed myself to New Jersey's jurisdiction and purports just one single fragile allegation as to Digital Direct and More and Cameo Distribution in paragraph 10 of the complaint which discussed the process as Plaintiff recalls it which is not correct.

8) Initially, it was Plaintiff's salespeople that approached Digital Direct and all of the invoices were sent *from* Dialectic in Jew Jersey *to* Digital Direct and Brooklyn. (See Exhibit "C").

9) The complaint otherwise concedes that the only act relevant to New Jersey was that defendants submitted purchase orders to the Plaintiff which were done remotely and via digital means and were not initiated by Digital Direct.

10) The other causes of action are also based on New York events (if there was conversion, it occurred in New York, if there was unjust enrichment, it too occurred in New York). The complaint also concedes that goods were shipped into New York and not vice versa (Complaint ¶ 10).

11) Considering that none of the defendants have business dealings with New Jersey and that all events took place in New York, which Plaintiff was more than aware of when it was accepting payments and shipping goods into New York, I ask that Defendants Digital Direct &

More and Cameo Distribution, Inc. be dismissed from this action along with myself individually based on lack of jurisdiction.

12) In the alternative, I ask that this case be transferred to the Eastern District of New York, which has jurisdiction over all defendants which has easy access to witnesses and records as well as is the district where the majority of the events took place.

Pursuant to 28 USC § 1746(b),
I declare under penalty of perjury that the foregoing is true and correct.

Dated: 7/22 2020

_____
David Cameo